UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

FUJI PHOTO FILM CO., LTD., and FUJI PHOTO
FILM U.S.A., INC.,

                Plaintiffs,

        - against -                          05 Civ. 8038 (CM)

LEXAR MEDIA, INC.,

                Defendant.
------------------------------------------------------------x

## ORDER AND DECISION GRANTING DEFENDANT'S
## MOTION TO TRANSFER VENUE

McMahon, J.:

       Plaintiffs Fuji Photo Film Co., Ltd. ("Fuji Ltd.") and Fuji Photo Film U.S.A., Inc. (Fuji U.S.A.) filed this patent infringement action against Lexar Media Inc. ("Lexar") in the Southern District of New York. Lexar moves to transfer the action to the Northern District of California, pursuant to 28 U.S.C. § 1404(a), asserting, *inter alia*, that transfer is appropriate due to the pendency of related patent actions in the transferee district. Plaintiffs oppose Lexar's motion to transfer venue. For the reasons discussed below, defendant's motion is granted and this action is hereby transferred to the Northern District of California.

**Facts and Related Proceedings**

       Plaintiff Fuji Ltd., the sole owner of the three patents-in-suit, is a Japanese corporation, with its principal place of business in Tokyo, Japan. Plaintiff Fuji U.S.A., the exclusive U.S. distributor of Fuji Ltd.'s products and the exclusive licensee within the United States under the patents-in-suit, is a New York corporation with its principal place of business in Valhalla, New York.

       Lexar is a Delaware corporation with its principal place of business in Fremont, California, which is located within the Northern District of California.

       On September 15, 2005, plaintiffs filed the present action, asserting three counts of patent infringement. The patents-in-suit include U.S. Patent No. 5,303,198, entitled "Method of Recording Data in Memory Card Having EEPROM and Memory Card System Using the Same," U.S. Patent No. 5,386,539, entitled "IC Memory Card Comprising an EEPROM with Data and Address Buffering for Controlling the Writing/ Reading of Data to EEPROM," and U.S. Patent No. 5,390,148, entitled "Method of Rewriting Data in EEPROM, and EEPROM Card." Each of

the three patents is owned by Fuji Ltd., and relates to a specific type of memory device, called Flash memory, and to cards and systems using Flash memory.

On January 9, 2006, Lexar filed an Answer and Counterclaims for Declaratory Judgment. On the same date, Lexar moved to transfer this action to United States District Court for the Northern District of California.

Several related patent infringement suits are pending in the Northern District of California. In December 2000, Lexar brought an action against Pretec Electronics Corporation and others in the Northern District of California, alleging infringement of four patents relating to Flash memory technology ("the Pretec Action"). Memtek Products, Inc. then filed a declaratory relief action in the Central District of California against Lexar on two of those patents, as well as a third Lexar patent not asserted in the Pretec Action ("the Memtek Action"). Upon Lexar's motion, the Memtek Action was transferred to the Northern District of California on July 12, 2001.

In July 2002, Lexar brought an action against Fuji U.S.A. and others in the Eastern District of Texas alleging that Fuji U.S.A.'s manufacture and/or sale of Flash memory cards (including Flash memory cards manufactured by Toshiba Corporation and supplied to Fuji U.S.A.) and cameras designed for use with Flash memory cards infringed eight Lexar Flash memory patents ("the Lexar Action"). Fuji U.S.A. moved to transfer the action to the Northern District of California. The motion was granted and the action was transferred on January 8, 2003.

Prior to Lexar's serving Fuji U.S.A. with its complaint in the Lexar Action, Toshiba Corporation filed a declaratory relief action against Lexar in the Northern District of California, seeking a declaration of noninfringement and invalidity of fourteen Lexar Flash memory patents, including certain patents overlapping with those in the Lexar and Pretec Actions. Toshiba then filed an affirmative patent infringement action against Lexar in January 2003, alleging infringement of eight Toshiba patents relating to Flash memory technology ("the Toshiba Action").

Each of these actions is currently pending before Judge Jenkins in the Northern District of California.

**Discussion**

"Motions to transfer venue lie within the broad discretion of the courts and are determined upon notions of convenience and fairness on a case-by-case basis." Linzer v. EMI Blackwood Music, Inc., 904 F.Supp. 207, 216 (S.D.N.Y. 1995).

Pursuant to 28 U.S.C. § 1404(a), "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of this provision is to "prevent waste 'of time, energy and money' and 'to protect litigants, witnesses and the public

against unnecessary inconvenience and expense.'" AEC One Stop Group, Inc. v. CD Listening Bar, Inc., 326 F.Supp.2d 525, 528 (S.D.N.Y. 2004) (internal citations omitted).

A motion to transfer venue requires a two-part inquiry: first, "whether the action to be transferred 'might have been brought' in the transferee court"; and second, whether "considering the 'convenience of parties and witnesses,' and the 'interest of justice,' a transfer is appropriate." Berman v. Informix Corp., 30 F.Supp.2d 653, 656 (S.D.N.Y. 1998) (internal citations omitted). In determining whether transfer is warranted for the convenience of parties and witnesses and in the interests of justice, courts consider the following factors: (1) the convenience of the witnesses, (2) the convenience of the parties, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with governing law, (8) the weight accorded to plaintiff's choice of forum, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. See, e.g., id. at 657.

In this case, both prongs of the requisite two-part inquiry weigh in favor of transfer.

1. This Action Could Have Been Brought In the Transferee Court

Plaintiffs concede that this action could have been brought in the United States District Court for the Northern District of California, as Lexar, having its primary place of business in Fremont, California, is subject to personal jurisdiction in that district and venue is proper there. See 28 U.S.C. § 1400(b); 28 U.S.C. § 1391(c); Walker v. The Jon Renau Collection, Inc., 2005 WL 3147864, *1 (S.D.N.Y., Nov. 23, 2005).

2. The Balance of Factors Weigh In Favor of Transfer

Transfer is appropriate in the interests of justice and for the convenience of the parties and witnesses.

a. *The Convenience of Witnesses*

"Convenience of both the party and non-party witnesses is probably the single-most important factor in the analysis of whether transfer should be granted." Berman, 30 F.Supp.2d at 657 (internal citations omitted). When weighing the convenience of the witnesses, "[A] court does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum. Instead, the court must qualitatively evaluate the materiality of the testimony that the witnesses may provide." Herbert Ltd. P'ship v. Elec. Arts Inc., 325 F.Supp.2d 282, 286 (S.D.N.Y. 2004); see also Millennium, L.P. v. Hyland Software, Inc., 2003 WL 22928644, *3 (S.D.N.Y. Dec. 10, 2003).

The key issues in a patent infringement suit involve the technology of the inventions claimed in the patents-in-suit. Lexar identifies four individuals that it anticipates calling to testify about the design and development of Lexar's Flash memory technology. (Whitaker Decl. ¶ 2). Each of these potential witnesses works for Lexar and resides in California. (Id.). The

3

individuals identified by Fuji U.S.A. as key witnesses have knowledge about the supply, distribution, marketing and/or sales of stand-alone packages of Flash memory cards and digital cameras employing Flash memory cards, not about the patent technology issues themselves. Moreover, Fuji U.S.A.'s potential witnesses are located in New York, New Jersey, Texas, California, and Georgia. (Bock Decl. ¶¶ 10, 12). While Fuji Ltd. does not identify which witnesses it intends to call, those individuals with technical knowledge of the patents-in-suit likely reside in Japan.

The convenience of the witnesses weighs in favor of transfer. California is a more convenient forum for Lexar's witnesses, who will testify about the design and development of the allegedly infringing products. Because California is significantly closer to Japan than is New York, it is also more convenient for Fuji Ltd.'s witnesses, who will testify about infringement and enforceability of the patents-in-suit. The testimony of Fuji U.S.A.'s witnesses, on the other hand, will be limited to Fuji U.S.A.'s marketing and sales activities—evidence that relates to damages and becomes relevant only after the infringement issues are resolved. Further, New York is not necessarily more convenient for Fuji U.S.A.'s witnesses, as only some of them reside in or near New York.

    b.  *The Convenience of Parties*

The Northern District of California is a more convenient forum for Lexar, which resides in the transferee district. Likewise, for Fuji Ltd., litigating this case in California is as— if not more— convenient than litigating it in New York. While representatives of Fuji Ltd. will have to travel from Japan to the United States to litigate this case regardless of whether defendant's motion is granted, transfer from New York to California will shorten their trips by several hours and 3000 miles. Additionally, Fuji Ltd.'s representatives and counsel are already required to travel to California to litigate the other patent suits pending in that district. Transfer may enable them to "kill two birds with one stone," rather than making separate and additional trips to New York to litigate this action.

The Southern District of New York is a more convenient forum for Plaintiff Fuji U.S.A., which resides here. Nonetheless, Fuji U.S.A. can hardly claim that it will be burdened by litigating this case in the Northern District of California, when the Lexar Action was transferred to the very same district in response to Fuji U.S.A.'s own motion. See Colida v. Panasonic Corp. of North America, 2005 WL 3046298, *3 (S.D.N.Y. Nov. 10, 2005) (citing Nieves v. American Airlines, 700 F.Supp. 769, 773 (S.D.N.Y. 1988)). Moreover, Fuji U.S.A.'s argument that New York is more convenient for its trial counsel, who do not have offices on the West Coast, is unavailing, as "the convenience of counsel is not an appropriate factor to consider on a motion to transfer." Invivo Research, Inc. v. Magnetic Resonance Equip. Corp., 119 F.Supp.2d 433, 438 (S.D.N.Y. 2000).

Therefore, this factor weighs in favor of transfer.

c.  *The Location of Relevant Documents*

The location of documents ". . . is clearly an important consideration in motions to transfer . . ." Berman, 30 F.Supp.2d at 658. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." Millennium, 2003 WL 22928644, at *4. In this case, Lexar's relevant documents are located at its headquarters in Fremont, California. Thus, the third factor weighs in favor of transfer.

Plaintiffs argue that, because shipping documents worldwide is neither difficult nor expensive due to advances in technology, this factor should be accorded little weight. However, when faced with this identical argument, this court has previously noted, "[C]ommon sense suggests that retaining this case in New York imposes some incrementally greater burden, however, slight, on Defendants to copy or transport documents that they would not incur if the case proceeded in California." Herbert, 325 F.Supp.2d at 289.

Moreover, the court rejects plaintiffs' contention that transfer will "merely shift the burden from Lexar to Fuji." (Pl.'s Opp. To Mot. To Transfer at 22). Rather, transfer will reduce the burden on all parties. Because many of Fuji Ltd.'s and Fuji U.S.A.'s relevant documents have already been sent to California for use in the related patent actions pending in that district, transfer will eliminate the need for plaintiffs to ship copies of those documents to a second forum. To the extent plaintiffs rely on additional documents relevant to the issue of infringement, it is highly likely they will be found in Japan, not New York.

d.  *Locus of Operative Facts*

The locus of operative facts, which is a "primary factor" in a motion to transfer venue, weighs strongly in favor of transfer in this case. ZPC 2000, Inc. v. SCA Group, Inc., 86 F.Supp.2d 274, 279 (S.D.N.Y. 2000) (internal citation omitted).

"Operative facts in a patent infringement action include facts relating to the design, development, and production of a patented product." Invivo Research, Inc., 119 F.Supp.2d at 439; see also Walker, 2005 WL 3147864 at *3. Here, none of the critical events took place in New York. The allegedly infringing products were designed, developed, and produced by Lexar in the Northern District of California. Likewise, the prosecution, conception and reduction to practice of the patents-in-suit occurred not in New York, but in Japan.

Plaintiffs acknowledge that "some events relevant to this case took place outside of this jurisdiction," but argue that New York has a connection to this action, because sales of the accused products have occurred in this district and Lexar has directed marketing activities in and toward this district. (Pl.'s Opp. To Mot. To Transfer at 17-18). However, "Where a party's products are sold in many states, sales alone are insufficient to establish a material connection to the forum and to override other factors favoring transfer." Invivo Research, Inc., 119 F.Supp.2d at 439-440; see also Walker, 2005 WL 3147864 at *3. Likewise, Lexar's promotion of allegedly infringing products at one trade show in New York City in 2005 establishes, at best, a "minor" connection with this district. See Elam Electoluminescent Ind., Ltd. v. Rhode Island Novelty,

Inc., 2005 WL 1538211, at *2. Therefore, Lexar's sales within New York and minimal presence in this state do not constitute a sufficient connection to render New York the locus of operative facts for venue purposes.

e.  *Availability of Compulsory Process*

The fifth factor requires a consideration of the court's power to compel attendance of unwilling witnesses, as a district court only can subpoena witnesses within the district or within 100 miles of the district. See Fed. R. Civ. P. 45(b)(2). Because parties can compel the testimony of their own employees without the need for subpoena, and because neither plaintiffs nor defendant indicate that any non-party witnesses will be called to testify, or that if they are called they will be unwilling to testify, this factor has no impact on the analysis. See Aerotel, Ltd. v. Spring Corp., 100 F.Supp.2d 189, 197 (S.D.N.Y. 2000); see also Herbert, 325 F.Supp.2d at 290.

f.  *Relative Means of Parties*

The sixth factor does not weigh in favor or against transfer, as the parties have not alleged any significant disparity in means which would impact their ability to litigate in another forum. See Berman, 30 F.Supp.2d at 659.

g.  *Familiarity with Governing Law*

"Since patent law is federal law, any district court may handle a patent case with equal skill." Invivo Research Inc., 119 F.Supp.2d at 439. The parties agree, therefore, that neither the transferee nor the transferor court is more or less familiar with the governing law. Thus, this factor is neutral.

h.  *Plaintiffs' Choice of Forum*

A plaintiff's choice of forum generally is entitled considerable weight—particularly when the plaintiff is a resident of the forum district— and should not be disturbed unless the balance of several factors is strongly in favor of defendant. Orb Factory, Ltd. v. Design Science Toys, Ltd., 6 F.Supp.2d 203, 210 (S.D.N.Y. 1998). The court's emphasis on a plaintiff's choice of forum diminishes, though, where ". . . the operative facts upon which the litigation is brought bear little material connection to the chosen forum." Nieves, 700 F.Supp. at 772; see also Berman, 30 F.Supp.2d at 659.

In this case, plaintiffs chose to litigate in the Southern District of New York. However, because only one of the two plaintiffs resides in this district, and the locus of operative facts lay elsewhere, plaintiffs' choice of forum is "entitled to little deference." Iyalla v. TRT Holdings, Inc., 2005 WL 1765707 (S.D.N.Y. July 25, 2005); see also Elam Electroluminescent Ind., Ltd., 2005 WL 1538211.

Moreover, though plaintiff Fuji U.S.A. is a New York corporation, it chose to litigate the Lexar Action in the Northern District of California, suggesting that it has willingly subjected itself to adjudication of patent infringement matters in that district.

Therefore, plaintiffs' forum choice, while important, does not preclude transfer in this case.

i. *Interests of Justice*

Finally, the overall interests of justice, including considerations of judicial economy, weigh in favor of transfer, albeit slightly.

"It is well established that the existence of a related action pending in the transferee court weighs heavily towards transfer." APA Excelsior III L.P. v. Premiere Tech., Inc., 49 F.Supp.2d 664, 668 (S.D.N.Y. 1999); see also Berman, 30 F.Supp.2d at 660; Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp., 11 F.Supp.2d 729, 730 (S.D.N.Y. 1998). Litigating related claims in the same tribunal allows for more efficient pretrial discovery, avoids duplicitous litigation, prevents inconsistent results, and saves times and expense for both parties and witnesses. Id.

The patents-in-suit in this case are not the same as those being litigated in the pending actions before Judge Jenkins in the Northern District of California. Therefore, the existence of the California actions is not dispositive of transfer.

However, both this case and the California actions involve Flash memory technology. The technology is similar among the various patents. Judge Jenkins' considerable experience and familiarity with the complex technology involved in these cases tips the scale slightly in favor of transfer.

Micromuse is remarkably similar to the present case, and so is particularly instructive. In that case, plaintiff Micromuse brought a patent infringement action against defendant Aprisma Management Technologies in the Southern District of New York. Two years earlier, Aprisma had brought a patent infringement action against Micromuse, which was pending in the District of New Hampshire. While the patents-in-suit in the two actions were not identical, they involved similar technology. The Micromuse court found, "Undoubtedly, some judicial economy could be realized by transferring this action to a Court already somewhat familiar with the parties and patents involved." Micromuse, Inc. v. Aprisma Mgmt. Tech., 2005 WL 1241924, *4 (S.D.N.Y. May 24, 2005). Despite the fact that discovery was closed, summary judgment motions had been filed in the New Hampshire case, and a third patent infringement action was pending in the Southern District of New York, the court concluded that the expertise of the New Hampshire court slightly favored transfer to New Hampshire. Id.

Additionally, there is significant overlap in witnesses and documents between this action and the California actions. Transfer would serve the interests of justice and judicial economy by avoiding the need for parties to litigate and witnesses to testify in more than one forum.

7

New York, it "should more appropriately proceed in California in the interests of convenience and fairness." <u>Herbert</u>, 325 F.Supp.2d at 292-93.

Accordingly, defendant's motion to transfer this action from the Southern District of New York to the Northern District of California is granted. The conference scheduled for February 17, 2006, is canceled. The Clerk of the Court is directed to transfer the file forthwith.

Dated: February 14, 2006.

_____
U.S.D.J.

BY FAX TO ALL COUNSEL